**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

YASMANI ORDAZ SAEZ,

Plaintiff,

v. Case No. 2:26-cv-2591-SPC-KRH

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
_______________________________/

**ORDER**

Pro se Plaintiff Yasmani Ordaz Saez sues Experian Information Solutions, Inc. under the Fair Credit Reporting Act. (Doc. 1). He wants to proceed without paying the filing fee, so he has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and a supplemental "Motion for Leave to Proceed in Forma Pauperis And for Service by the United States Marshals Service," which he says supplements his Application. (Doc. 3). Both are denied without prejudice. As explained below, the Court directs Saez to submit a proper and complete application.

Federal law permits the Court to "authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and showing] that the person is unable to pay" court filing fees. 28 U.S.C. § 1915(a)(1). An affidavit of poverty does not have to demonstrate "that

the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)).

Because the Application is internally inconsistent, it is insufficient for the Court to assess. Saez reports an average monthly income of $2,235, and he expects the same next month (Doc. 2 at 1-2). But he lists average monthly expenses of $6,265—nearly three times what he earns. (Doc. 2 at 4-5). Saez says a recent move from Washington to Cape Coral used up most of his money. (Doc. 2 at 5). That may explain a past expense; but it does not explain how he covers a monthly difference of more than $4,000 or how he supports himself and his minor children. *See Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014). An applicant whose expenses far exceed his income must account for the difference, but Saez offers no explanation. The blank sections also make the problem worse. Saez leaves empty the sections asking for his spouse's employment history over the past two years, his assets and their values, and every person, business, or organization to whom he owes money. These required sections hold information that the Court needs to decide whether he may proceed in forma pauperis.

Saez's supplemental Motion does not cure these deficiencies. (Doc. 3). In his Motion, he represents that he receives SNAP benefits and attaches a declaration confirming as much. (Doc. 3-1 ¶ 2). That fact is relevant, but it is not enough. Saez concedes that SNAP receipt alone does not establish his eligibility, and he points back to the Application for his "full financial circumstances." (Doc. 3-1 ¶ 3; *see* Doc.

3 at 2); *see also Thomas v. Jane*, No. 7:25-cv-117 (WLS), 2025 WL 2966881, at *1 (M.D. Ga. Oct. 21, 2025) ("The mere fact someone is on SNAP benefits and how much they receive in SNAP benefits is insufficient for the Court to make a finding of poverty."). His request for service by the United States Marshals Service is also premature. Court-directed service under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) comes only after the Court grants leave to proceed in forma pauperis and screens the complaint under § 1915(e), as Saez himself recognizes. (Doc. 3 at 2-3).

The Court will allow Saez another chance. By October 29, 2026, he must file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO 239). He must complete the form in its entirety. Blank sections will again prevent the Court from assessing his eligibility. *See Howard v. Seminole Cnty. Clerk of Ct.*, No. 6:24-cv-2179-CEM-UAM, 2025 WL 2147079, at *1 (M.D. Fla. June 2, 2025). If a question does not apply to him, he should write "none" or "N/A" rather than leave it blank. Saez must also explain how he meets monthly expenses that exceed his income. **Failure to comply with this Order will result in dismissal of this action without further notice**.

**ORDERED:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED without prejudice**.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis and for Service by the United States Marshals Service (Doc. 3) is **DENIED without prejudice**.

3. The Clerk is **DIRECTED** to **MAIL** a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to Plaintiff at 324 El Dorado Boulevard S., Cape Coral, Florida 33991.

4. Plaintiff must **SIGN** the affidavit section found on page 1 of the Application, **COMPLETE** the entire form, and **SUBMIT** the Application **on or before October 29, 2026**.

5. Plaintiff is **WARNED** that failure to file the Application on time and in compliance with this Order **will result in dismissal of this action without further notice.**

In Fort Myers, Florida on October 8th, 2026.

Kevin R. Huguelet
United States Magistrate Judge